IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONY D. HUTCHINSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:06-CV-364-TFM |
| | ) | WO |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Following administrative denials of applications for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 et seq., and supplemental security income under Title XVI, 42 U.S.C. §§ 1381 et seq., Tony Hutchinson ("Hutchinson") received a requested hearing before an administrative law judge ("ALJ"), who rendered an unfavorable decision on April 20, 2005.  When the Appeals Council declined review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636 (c), and for reasons herein explained, the court AFFIRMS the Commissioner's decision.

### I.   STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited.    The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir.1982). The Commissioner's decision must be

considered conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), *citing Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is less than a preponderance; instead, it is considered such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Crawford v. Commissioner of Soc. Sec.*, 363 F.2d 1155, 1158-59 (11th Cir. 2004); *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998), *Richardson v. Perales,* 402 U.S. 389, 401 (1971). As substantial evidence is "more than a scintilla", *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987), it "must do more than merely create a suspicion of the existence of the fact to be established." *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988). A decision is not based on substantial evidence if it focuses on one aspect of the evidence while disregarding the contrary evidence. *McCruter v. Bowen*, 791 F. 2d 1544, 1548 (11th Cir. 1986).

The court must examine the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The court will reverse a Commissioner's decision, however, if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health & Human Servs.*, 21 F. 3d 1064, 1066 (11th Cir. 1994).

## II.   ADMINISTRATIVE FINDINGS

Hutchinson, age 30 at the time of the hearing on November 19, 2004, did not engage in substantial gainful work during the closed period April 1, 2003 to May 27, 2004, the alleged period of disability. (R.21). While the ALJ found that Hutchinson has severe impairments – impulse

control disorder, adjustment disorder NOS, partner relational problems, personality disorder NOS with antisocial and borderline characteristics, and history of alcohol abuse – he concluded these "medically determinable impairments do not meet or medically equal one of the listed impairments" in 20 C.F.R. Part 404, Appendix 1 to Subpart P.   Finding Hutchinson's "allegations regarding his limitations ...not credible", the ALJ found that he retained the residual functional capacity ("RFC") to perform past relevant work ("PRW"), and is thus not disabled.[1]  (R.21,22).

## III.   ISSUE

Hutchinson challenges the ALJ's analysis at step four of the five-step sequential evaluation process.[2]  Hutchinson contends the ALJ erroneously applied SSR 82-62 to find Hutchinson has the RFC to return to past relevant work as a forklift operator and laborer.

---

[1]R. 18-21.

[2]The sequential evaluation process is described succinctly in *Davis v. Shalala*, 985 F. 2d 528, 532 (11th Cir. 1993):

> In *step one* of the sequential evaluation, the Secretary determines only *whether a claimant is engaged in substantial, gainful activity* and gives no consideration to a claimant's alleged disabilities either separately or in combination.  *See* 20 C.F.R. §416.923.  In sequential evaluation *step two, the Secretary determines whether a claimant has a "severe" impairment* or combination of impairments that causes more than a minimal limitation on a claimant's ability to function.  *See* 20 C.F.R. §416.2 (c). If the Secretary finds, at step two, "a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process."  *See* 20 C.F.R. §416.923.  In sequential evaluation *step three*, the Secretary determines *whether a claimant's impairment meets or equals a disability described in the Listing of Impairments* which describes impairments that are considered severe enough to prevent a person from doing any gainful activity.  *See* 20 C.F.R. §§416.920(d), 416.925(a).  Finally, in sequential evaluation *steps four and five, the Secretary makes an assessment of a claimant's residual functional capacity*, in light of a claimant's past work, experience, age, and education.  *See* 20 C.F.R. §§416.920(e) and 416.920(f). (emphasis added); *accord, Phillips v. Barnhart*, 357 F. 3d 1232, 1237 (11th Cir. 2004);  *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

3

## IV.   DISCUSSION

### A.   Assessment of Residual Functional Capacity

The ALJ determined that Hutchinson has the RFC to perform PRW as a forklift operator and laborer.  Specifically, the ALJ found Hutchinson retains the RFC to

> remember locations and work-like procedures; understand, remember and carry out very short and simple instructions; understand, remember and carry out detailed instructions; maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; sustain an ordinary routine without special supervision; work in coordination with or proximity to others without being distracted by them; make simple work-related decisions; ask simple questions or request assistance; be aware of normal hazards and take appropriate precautions; travel in unfamiliar places or use public transportation; and set realistic goal or make plans independently of others.[3] (R. 21, 117-118).

Hutchinson challenges the RFC determination  as  inconsistent with both the exertional demands of his previous work and medical opinions regarding his mental limitations.  Neither claim withstands analysis.

### 1. Mental Limitations

Medical evidence reveals Hutchinson intentionally slashed his left wrist on April 12, 2003. (R.15, 92).   Tallassee Community Hospital sutured the wound and stabilized Hutchinson before transferring him to the psychiatric unit at East Alabama Medical Center on April 12, 2003. (R. 15, 92). Hutchinson said he cut himself because he was upset over not being able to see his three year old daughter. (R. 15).  Hutchinson also said he was distressed because he did not get a promised pay raise.  (R. 15).  Hutchinson claimed he had nightmares, poor sleep and depression. (R. 15). Physical examination revealed Hutchinson had a blood alcohol level of 112 mg/dL. (R. 16).  A blood alcohol

---

[3]R. 17.

4

level of 80 mg/dL (.08) is the point at which a person is considered to be Driving Under the Influence.  *See* Ala. Code §32-5A-191(a)(1)-(5) (1975). Hutchinson starting taking Celexa and underwent group and individual counsel during his hospital stay.  (R. 16). On April 16, 2003, Hutchinson was discharged with orders to receive followup, outpatient treatment in Elmore County and Montgomery Mental Health. (R. 16).  On April 17, 2003, Hutchinson came to Montgomery Area Mental Health Authority for intake. (R. 16).  On April 25, 2003, Hutchinson came back to MAMHA for his only visit. (R. 16).   Hutchinson claimed he was depressed, agitated and suffering from insomnia. Hutchinson also reported he had become depressed six months earlier when his marriage deteriorated. (R. 16).

On July 31, 2003, Dorn R. Majure, Psy. D. performed a consultative psychological examination of Hutchinson.  (R. 16).  Dr. Majure conducted a thorough assessment of Hutchinson and found Hutchinson to be unimpaired in his ability to understand, remember, and carry out instructions and to respond appropriately to supervision, co-workers, and work pressures in a work setting. (R. 18).  Gloria Roque, Ph.D, a psychological consultant, completed a Psychiatric Review Technique Evaluation of Hutchinson on August 20, 2003. (R. 18).  Dr. Roque completed a Mental Residual Functional Capacities Assessment (MRFCA) of Hutchinson. (R. 19).  Dr. Roque found Hutchinson was not significantly limited in his MRFCA.  (R 117-19).

The record indicates Hutchinson presented no evidence or medical testimony that his mental problems  during the closed period were disabling within the meaning of the Act.  *See, e.g., Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). ("These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work."; *Lucas V. Sullivan*, 918 F. 2d 1567, 1571 (11th Cir. 1990).  The court thus concludes that

substantial evidence supports the ALJ's step four determination that Hutchinson retains the RFC for his PRW.

2.  Exertional limitations.

Other than bare allegations, Hutchinson does not present any evidence of record he cannot or could not meet the exertional requirements of his PRW during the closed period.    The court concludes the evidence supports the ALJ finding Hutchinson could meet the exertional limitations of PRW during the closed period thus Hutchinson was not disabled within the meaning of the Act. *See, e.g., Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). ("These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work."; *Lucas V. Sullivan*, 918 F. 2d 1567, 1571 (11th Cir. 1990).   The court thus concludes that substantial evidence supports the ALJ's step four determination Hutchinson retains the RFC for his past relevant work.

3. Objective evidence support a finding that Hutchinson has the ability to perform PRW.

To the extent  Hutchinson presented evidence, medical or otherwise, to demonstrate his inability to perform PRW, the Commissioner argues the ALJ found sufficient evidence to demonstrate Hutchinson could perform PRW.   The Court agrees.

The ALJ had a vocational expert ("VE") interview Hutchinson regarding PRW.  Opinion testimony from a VE is unnecessary when a claimant can return to PRW. Lucas v. Sullivan, 918 F. 2d 1567, 1573 n. 2 (11th Cir. 1990).   Nonetheless, the ALJ may obtain VE testimony regarding step four of the sequential evaluation.  See, 20 C.F.R.  §§ 404.1560(b)(2) and 416.960(b)(2)(2006). The VE, Randall McDaniel testified Hutchinson had PRW as a laborer, which is semi-skilled, medium work; and a forklift operator, which is semi-skilled, medium work. (R. 21, 167-168).  The ALJ posed

a hypothetical question to the VE which contained all of the limitations supported by the record. (R. 21, 168-170).  The VE testified Hutchinson could perform PRW even with the limitations set by the ALJ in the hypothetical question.  (R. 170).  A claimant is not disabled within the meaning of the Act if the claimant can return to his PRW.  20 C.F.R.§ §404.1520(f) and 416.920(f)(2006); *Barnhart v. Thomas*, 540 U.S. 20 (2003); *Sewell v. Bowen*, 792 F. 2d 1065, 1067 (11th Cir. 1986).  The court agrees with the ALJ that Hutchinson could perform PRW during the closed period.

## V.  CONCLUSION

As explained in the foregoing Memorandum Opinion, the ALJ's determination that Hutchinson has the residual functional capacity to perform past work during the closed period is correct.  Accordingly, it is.

**ORDERED** that the decision of the Commissioner is **AFFIRMED.**

A separate judgment will be entered in favor of the Commissioner

Done this 30th day of January, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE